Filed 4/29/15  P. v. Salvo CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062474 |
| v. | (Super.Ct.No. FSB1403233) |
| WILLIAM SANTO SALVO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Order affirmed.

Patricia Ihara, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a plea bargain, defendant, William Salvo, pled guilty to possessing a firearm by an ex-felon.  (Pen. Code, § 29800, subd. (a)(1).)  He was sentenced to prison for the agreed-to term of two years.  Thereafter, he petitioned for resentencing under the

1

provisions of Proposition 47 (§ 1170.18).  The trial court denied his petition, concluding he was ineligible for resentencing.  He appeals from that order.

Upon defendant's request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed. 2d 493], setting forth a statement of the case, a summary of the facts, and potential arguable issues and requesting this court to conduct an independent review of the record.  We discuss those issues later in this opinion and conclude that none are meritorious.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

In her brief before this court, counsel for defendant listed as a potential arguable issue whether defendant satisfies the criteria for eligibility for Proposition 47 relief.

Proposition 47, embodied, in part, in section 1170.18, provides, as is pertinent here, "(a) A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."  None of those sections apply to the crime of

2

possessing a firearm by an ex-felon, therefore, defendant is not eligible for resentencing as a misdemeanant under section 1170.18.

Given the foregoing, the facts surrounding defendant's current crime are irrelevant to the determination that he is ineligible for a recall of sentence under section 170.18.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.

3